IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER BROWN, | § | |
| | § | |
| Plaintiff- | § | |
| counterdefendant, | § | |
| | § | Civil Action No. 3:09-CV-1319-D |
| VS. | § | |
| | § | |
| THE PHOENIX RECOVERY GROUP, | § | |
| | § | |
| Defendant- | § | |
| counterplaintiff. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff-counterdefendant Jennifer Brown ("Brown") petitions for an award of attorney's fees and costs under the terms of an accepted Fed. R. Civ. P. 68 offer of judgment.  For the reasons that follow, the court grants the petition to the extent of awarding Brown $2,732.00 in attorney's fees and $410 in court costs.

I

Brown sued defendant-counterplaintiff The Phoenix Recovery Group ("Phoenix") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Texas Debt Collection Practices Act, Tex. Fin. Code Ann. §§ 392.001–.404 (Vernon 2006); and the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§ 17.41-17.826 (Vernon 2002 & Supp. 2009).

After Brown filed suit, Phoenix made a Rule 68 offer of judgment, which Brown accepted.  The offer provided that Phoenix

would pay Brown $1,000——the statutory damages allowed under the FDCPA——in return for Brown's dismissing all claims.  And the offer specified, in pertinent part, that Phoenix would pay reasonable attorney's fees, as determined by the court.[1]  The parties were unsuccessful in negotiating an agreed amount, and Brown filed the instant petition.  Brown initially requested an award of $2,665.00 in fees for attorney and paralegal services.  In her reply brief, she requests the additional sum of $250 for fees incurred in litigating her fee petition.  Brown therefore seeks $2,915.00 in attorney and paralegal fees.

                                    II

    Phoenix maintains that Brown's fee request is unreasonable because this case was neither novel, complex, nor lengthy.  It argues that only one of the four attorneys for whom Brown seeks fees ever interacted with Phoenix or its counsel, and that this attorney was competent to litigate the suit herself.  Phoenix also contends that the three other attorneys, who are not admitted to practice in Texas, were unhelpful because the suit involved Texas law.  Accordingly, Phoenix asks that $968.00 in fees attributed to the non-Texas attorneys be excluded from the award.  Phoenix also asks that the fees for Brown's principal attorney be calculated at

-------------------------------------------------------------

[1]Phoenix also agreed to pay costs incurred to date and to dismiss its counterclaim with prejudice.  Brown requests $410 in court costs, which Phoenix has agreed to pay.

the hourly rate of $200 rather than $250.[2]

III

A

To determine the reasonable attorney's fee to be awarded to Brown, the court begins by "determin[ing] the compensable hours from the attorneys' time records, including only hours reasonably spent." *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). The court may reduce the number of compensable hours "[w]here the documentation of hours is inadequate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court may also exclude any hours that it determines "are excessive, redundant, or otherwise unnecessary." *Id*. at 434. The court next "must select an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases." *Shipes*, 987 F.2d at 319. "The number of compensable hours is then multiplied by the selected hourly rate to produce the 'lodestar' amount." *Id.; see also Rutherford v. Harris County, Tex.*, 197 F.3d 173, 192 (5th Cir. 1999) (citing *League of United Latin Am. Citizens #4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997)). The fee applicant bears the burden of substantiating both the requested hours and the hourly rate. *Hensley*, 461 U.S. at 437.

---

[2]Phoenix appears to misread the time sheet submitted by Brown to state that her principal attorney worked only 5.8 hours on the case. On this basis, Phoenix argues that it owes only $1,160 in fees, in addition to the $410 in costs.

After calculating the lodestar amount, the court then determines whether the lodestar should be adjusted based on the applicable factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Shipes*, 987 F.2d at 320. The court must provide a clear and concise explanation for its award, and may not "eyeball" and decrease the fee by an arbitrary percentage because of a visceral reaction that the request is excessive. *See Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001). Fees are not unreasonable simply because they greatly exceed the damages awarded. "Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Tolentino v. Friedman*, 46 F.3d 645, 653 (7th Cir. 1995).

B

Brown's principal attorney, Susan Landgraf, Esquire ("Landgraf"), billed 6.2 hours at $250 per hour. Three other attorneys in her firm billed time, as apparently did two paralegals. Aaron Radbill, Esquire ("Radbill") billed 0.8 hours at $200 per hour; Joshua Trigsted, Esquire ("Trigsted") billed 2.8 hours at $175 per hour; and Marshall Meyers ("Meyers") billed 1.2 hours at $265 per hour. Based on the difference between the amount requested and the attorney's fees billed, the 1.3 hours billed by the two paralegal are valued at $147. In her reply, Brown also

- 4 -

requests the additional sum of $250 for one hour that Landgraf spent preparing the reply to Phoenix's response to her fee petition.

Given their respective levels of experience, and the rates prevalent in the area in which Brown filed her suit, the fees charged by the three attorneys and two paralegals are not unreasonable. Such an award is also commensurate with the length and complexity of this case.

Phoenix maintains that because Brown filed Texas-law claims, the work of non-Texas attorneys was valueless. But Phoenix gives inadequate weight to the fact that Brown asserted an FDCPA claim. The use of additional attorneys was not of itself excessive. Trigsted performed preliminary work at a rate lower than Landgraf charged. Meyers, the managing partner of Landgraf's firm, expended a small amount of time overseeing the case's progress. The work performed by one paralegal also appears to be reasonable. Brown's request for fees associated with filing a reply to Phoenix's response is reasonable as well.[3] That one hour, like much of the time billed by Landgraf, was part of the process of litigating Brown's claim.

---

[3]It is also recoverable. *See, e.g., La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 336 (5th Cir. 1995) (holding that district court may award costs and fees for time spent litigating cost of fee request) (citing *Alberti v. Klevenhagen*, 896 F.2d 927, 937-38 (5th Cir.), *vacated on other grounds*, 903 F.2d 352 (5th Cir. 1990)).

Radbill, described in Brown's petition as "a consulting attorney only," Pet. 10 n. 2, billed 0.8 hours for reviewing and discussing the fee petition.[4]  The court concludes that this request is unreasonable and is disallowed.  There is no apparent reason why a fee petition of this apparent simplicity needed to be reviewed and discussed.  At Radbill's hourly rate of $200, this results in a fee reduction of $160.  Also, a paralegal charged 0.2 hours to notify the client of an address change.  The amount of time spent on this is unreasonable, and the court deducts $23.00 (0.2 hours x an average $113 hourly rate) for this service.

*     *     *

The court therefore grants Brown's October 23, 2009 petition to the extent that it awards her the sum of $2,732.00 in attorney's fees and the sum of $410 in court costs.[5]  A judgment in accordance

---

[4]The court cannot cite the pinpoint place where this is found in Brown's submission because she did not comply with N.D. Tex. Civ. R. 7.1(i)(4).  Rule 7.1(i)(4) provides, in relevant part, that "[e]ach page of the appendix must be numbered legibly in the lower, right-hand corner."

[5]Although the court is awarding fees under the terms of a Rule 68 offer of judgment, it notes that, under the FDCPA, attorney's fees and costs are payable to Brown herself rather than to her counsel.  *See Hester v. Graham, Bright & Smith, P.C.*, 289 Fed. Appx. 35, 44 (5th Cir. 2008) (per curiam) (holding that district court erred in awarding attorney's fees directly to plaintiff's counsel instead of to plaintiff because FDCPA provides that person who recovers damages for statutory violation, not person's attorney, should recover reasonable attorney's fee) (citing 15 U.S.C. § 1692k(a)(3) and *Shula v. Lawent*, 359 F.3d 489, 492 (7th Cir. 2004)).  The court expects the parties to comply with the FDCPA to the extent it controls.  Although fees are being awarded under the terms of a Rule 68 agreement, the amount of the

with the accepted offer is being filed contemporaneously with this

memorandum opinion and order.

    **SO ORDERED**.

    December 21, 2009.


_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

settlement is tied to the damages available under the FDCPA.
Because the parties treat the settlement as pursuant to the FDCPA,
the court will assume that they will comply with the FDCPA to the
extent it applies.